In the first above-entitled proceeding: Order reversed and petition dismissed, without costs, in a memorandum. The State Civil Service Commission had the power upon due notice to petitioners to institute an administrative proceeding to determine whether, because of underlying irregularities in the com *608 potitive examinations which led to their local civil service appointments, the examinations, the eligible lists or the appointments should be rescinded (Civil Service Law, § 25, subd. 1, par. [d]; § 25, subd. 2). The question tested by this proceeding in the nature of prohibition is the jurisdiction to institute the proceeding and not the ultimate question of whether petitioners can or cannot be removed. If they are ultimately removed as a result of the proceeding there will be opportunity for direct review; but the proceeding before the commission based upon an adequate showing of irregularity in the examinations ought not to be cut off in its inception because it is argued that the commission will in its final action make an error of law by removing petitioners after the running of a Statute of Limitations said to be applicable to their appointments. We do not reach in this procedural determination any of the underlying questions of law.
In the second above-entitled proceeding: Order reversed and petition dismissed, without costs. (See Matter of Dobler v. Kaplan, decided herewith.) No opinion.
Concur: Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bbegan.